No objections to this Report & Recommendation have been received. I review it for clear error and find done. Accordingly, it is adopted as the decision of the Court. Judgment in the amount of $10,986.18 in attorneys' fees and costs shall be entered against Defendant, and the award shall be payable to Plaintiff's counsel.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SO ORDERED.

*Cathy Seibel*

CATHY SEIBEL, U.S.D.J.   12/5/17

**JOCELYN ESTRELLA o/b/o M.R.E.,**

Plaintiff,

*- against -*

**NANCY A. BERRYHILL,[1] ACTING**
**COMMISSIONER OF SOCIAL SECURITY,**

Defendant.

15 CV 6966 (CS) (LMS)

**REPORT AND**
**RECOMMENDATION**

TO:   **THE HONORABLE CATHY SEIBEL, U.S.D.J.**

Plaintiff, Jocelyn Estrella, on behalf of M.R.E., her infant son, has moved for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). Defendant, the Commissioner of Social Security (the "Commissioner"), concedes that an award of fees is appropriate, but opposes the total number of hours submitted by Plaintiff's counsel in support of the fee award. For the reasons that follow, I respectfully recommend granting Plaintiff's motion for attorneys' fees, in part.

## BACKGROUND

On September 3, 2015, Plaintiff, by and through her attorney, commenced the instant lawsuit pursuant to 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner denying her application for Supplemental Security Income ("SSI") benefits. ECF # 1. Both parties submitted motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF ## 17, 22. Plaintiff asked that the court remand the case to the Social Security Administration (the "Agency" or "SSA") for further administrative

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Berryhill has been substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this action.

1

proceedings. ECF ## 17, 19. Defendant requested that the court affirm the Commissioner's final determination and dismiss Plaintiff's complaint. ECF ## 22, 23. These motions were fully submitted by April 15, 2016. ECF # 26.

On April 17, 2017, Plaintiff's counsel wrote to the undersigned to request that adjudication of the pending motions be expedited in light of the fact that this case involves a claim of SSI benefits for a minor child. ECF # 27. Recognizing that the need for review in such a case may be more pressing than in an action involving an adult applicant, I endeavored to issue a Report and Recommendation as soon as reasonably possible. ECF # 28.

On June 1, 2017, I issued an opinion recommending that the Commissioner's motion for judgment on the pleadings be denied, Plaintiff's motion be granted, and the case remanded to the Agency for further administrative proceedings. ECF # 29. Neither party objected to these findings. Your Honor adopted the Report and Recommendation in full on June 22, 2017. ECF # 30.

On September 19, 2017, Plaintiff filed the instant motion seeking an award of $10,492.88 in attorneys' fees and costs pursuant to the EAJA.[2] ECF ## 36, 37. Plaintiff's application is based on performing 54.3 hours of billable service, at hourly rates of $195.61 for work performed in 2015; $197.72 for work performed in 2016; and $201.10 for work performed in 2017. ECF # 36-3 ("Attorney Timesheet"), at 1. In Plaintiff's reply brief, she requests an additional $864.73 in attorneys' fees to compensate for the time expended in preparing the Reply Memorandum of Law. ECF # 42, at 9. Plaintiff's counsel submits that he expended 4.3 hours

---

[2] Plaintiff's application is timely. A party which seeks attorneys' fees under the EAJA must file an application for such fees within thirty days of the final judgment in the matter. 28 U.S.C. § 2412(d)(1)(B). Here, the Clerk of the Court entered judgment on June 23, 2017. ECF # 31. Plaintiff's counsel then submitted a letter to the undersigned on July 18, 2017, requesting an extension of time to file a motion for attorneys' fees, which was unopposed and granted. ECF ## 33, 34. Plaintiff's motion was then due by September 21, 2017.

preparing the reply brief, charging the customary 2017 rate of $201.10 per hour. Thus, the total amount Plaintiff seeks in attorneys' fees and costs is $11,357.61. Id.

## DISCUSSION

### I.   Hours Reasonably Expended

The primary issue in dispute concerns the reasonableness of the amount of hours billed by Plaintiff's counsel. Courts have broad discretion in resolving whether the number of hours expended by counsel was reasonable in a given case. Aston v. Sec'y of Health and Human Servs., 808 F. 2d 9, 11 (2d Cir. 1986). Of course, while courts need not dissect the time expended on each itemized task for which fees are sought, Id., in no event should fees be awarded "for work that is unreasonable, redundant, excessive, or unnecessary." Salvo v. Comm'r of Soc. Sec., 751 F. Supp. 2d 666, 674 (S.D.N.Y. 2010) (citations omitted).

As a starting point, it is presumed reasonable for an attorney to expend twenty to forty hours in a "routine" social security case. Id. An award may, nonetheless, exceed this amount when the facts of a particular case warrant doing so. Banks v. Berryhill, No. 10-Civ-6462 (KMK) (JCM), 2017 WL 3917141, at *3 (S.D.N.Y. June 30, 2017), report and recommendation adopted, 2017 WL 3923676 (S.D.N.Y. Sept. 6, 2017). Factors that may justify an attorney's expenditure of over forty hours include: (1) the factual, substantive, and procedural complexity of the case; (2) the size of the administrative record; and (3) the efficacy of the attorney's efforts. Molina o/b/o M.W.M. v. Berryhill, No. 15-Civ-8088 (JLC), 2017 WL 3437572, at *2 (S.D.N.Y. Aug. 11, 2017) (citing Stewart v. Comm'r of Soc. Sec., No. 12-Civ-3121 (AJN), 2014 WL 2998530, at *3 (S.D.N.Y. July 2, 2014)).

Here, Plaintiff's counsel submits that he spent 58.6 hours litigating this case.[3]  This case, however, "presented no particularly complex legal issues, and did not involve a particularly large administrative record.  Nor did the Court hold oral argument."  Stewart, 2014 WL 2998530, at *3 (citations omitted).  The predominant issue before the Court concerned the ALJ's duty to develop the record, which is "arguably routine in social security cases[.]"  Molina, 2017 WL 3437572, at *3.  The size of the record, moreover, consumed 593 pages, which, although not scant, was not considerably voluminous either.  See, e.g., Forrest v. Colvin, No. 15-Civ-1573 (KPF), 2016 WL 6892784, at *4 (S.D.N.Y. Nov. 21, 2016) (finding 600-page record not particularly large).  At first glance, then, two of the three factors outlined above appear to tilt, albeit slightly, in favor of finding the amount of hours requested by Plaintiff excessive.

On the other hand, the efficacy of counsel's efforts in this case were significant.  Plaintiff was able to fully secure the relief sought; the Commissioner's decision was vacated and the case was remanded to the Agency for further administrative proceedings.  See Borus v. Astrue, No. 09-Civ-4723 (PAC) (RLE), 2012 WL 4479006, at *4 (S.D.N.Y. Sept. 28, 2012) ("Plaintiff's success at securing a reversal of the ALJ's decision is a factor to consider in determining appropriate attorney's fees.").  These favorable results were directly related to the efforts expended by Plaintiff's counsel.  Plaintiff filed both an initial brief as well as a reply in support of her cross-motion for judgment on the pleadings, submissions which were detailed and "contained extensive factual and legal analysis" as opposed to boilerplate arguments.  Michaels v. Colvin, No. 12-Civ-9213 (RJS) (GWG), 2016 WL 4126008, at *1 (S.D.N.Y. June 28, 2016) (thoroughness of briefs was a relevant factor in determining whether amount of hours billed were

---

[3] This figure incorporates both the 54.3 hours reflected in the attorney timesheet submitted with Plaintiff's initial motion for fees, as well as the 4.3 hours Plaintiff's counsel spent in preparing the reply memorandum of law in further support of the motion.

reasonable), report and recommendation adopted, 2016 WL 4131834 (S.D.N.Y. Aug. 1, 2016).

Importantly, Plaintiff's counsel's request for expedited review brought the time-sensitive nature

of M.R.E.'s claim to the Court's attention, which prompted priority review of the case. Thus, not

only was Plaintiff able to secure the desired relief, but she did so perhaps years earlier than

would have otherwise been possible if not for her attorney's efforts.[4]

Furthermore, although the predominant legal issue was "arguably routine," a few case-

specific factors bolster the reasonableness of Plaintiff's counsel expending more than the typical

number of hours in this case. To begin, the parties were permitted to submit briefs which were

double – 20 pages longer than – the typical page limit, and Plaintiff's reply brief was permitted to

exceed the limit for such filings by 50%. The undersigned's scheduling order included an

additional requirement that Plaintiff send a letter to Defendant, identifying her strongest

arguments in order to determine if the case could be settled without engaging in the substantial

expense of preparing cross-motions for judgment on the pleadings. This "non-routine process"

further "justified the expenditure of hours in excess of the routine range[.]" Molina, 2017 WL

3437572, at *3. Additionally, the timesheet affixed to Plaintiff's motion for attorneys' fees does

not contain vague or generic substantiation for the hours billed. Instead, it provides detailed

descriptions of the various tasks counsel performed, the amount of time spent per task, and the

corresponding hourly rates. See, e.g., Mercado v. Colvin, No. 15-Civ-2283 (JCF), 2016 WL

6271139, at *2 (S.D.N.Y. Oct. 26, 2016) (citing cases explaining that the "failure to keep

---

[4] As counsel for both parties is perhaps aware, the Court's docket contains a backlog of
social security cases, many of which have been fully submitted for a substantially longer period
of time than Plaintiff's case. There are, for example, a number of 2014 social security cases yet
to be decided. Given the time required to carefully review the record in a social security appeal,
in addition to the calendar of cases managed by the Court on a day to day basis, a two-year
timeframe is a modest estimate as to when this case would have been decided but for Plaintiff's
counsel moving for expedited review.

detailed time records can lead to a percentage reduction."); see also New York State Ass'n for Retarded Children v. Carey, 711 F. 2d 1136, 1147-48 (2d Cir. 1983) (noting "contemporaneous time records are a prerequisite for attorney's fees in this Circuit[,]" and that such "records should specify, for each attorney, the date, the hours expended, and the nature of the work done."). Together, these considerations augur in favor of finding the hours expended by Plaintiff's counsel reasonable.

There nonetheless remains a question with respect to tasks labeled as "clerical" on the attorney timesheet.  As a general rule, clerical tasks are not compensable in cases governed by the EAJA, such as this.  Kottwitz v. Colvin, 114 F. Supp. 3d 145, 152 (S.D.N.Y. 2015 (order adopting report and recommendation).  In awarding fees, however, courts regularly distinguish between purely clerical tasks, such as downloading or scanning files, from work which is paralegal, but non-administrative, in nature, like formatting portions of a legal brief; although the former is not recoverable, work which falls into the latter category can be.  See, e.g., Wright v. City of New York, No. 16-Civ-1397, 2017 WL 4797924 (RWS), at *6 (S.D.N.Y. Oct. 23, 2017) (compensating attorney for paralegal work but not for clerical and administrative work); Siegal v. Bloomberg L.P., No. 13-Civ-1351 (DF), 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016) (awarding fees for paralegal tasks but not clerical work); see also, e.g., Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009) ("Even paralegal work, however, is not compensable if it is purely clerical." (citations omitted)).

Here, Plaintiff's counsel expended 2.7 hours on tasks which he labeled as "clerical" on the attorney timesheet.  These entries read as follows:

| DATE | HOURS CHARGED | NO-CHARGE HOURS | TASKS PERFORMED | HOURLY RATE | AMOUNT |
|------|---------------|-----------------|----------------|-------------|--------|
| 10/13/15 | .1 | 0 | Recd ECF notice of filing of Summons; recd, revd notice of issuance of Summons; prepared three copies of Summons, Complaint, ECF rules and assigned judges' Individual Practices for service. CLERICAL TASK. | 100.00 | 10.00 |
| 10/19/15 | .5 | 0 | Served Summons and Complaint, ECF rules and assigned Judge's Individual Practices by certified mail, return receipt requested upon U.S. Attorney General; Social Security Regional Counsel; and U.S. Attorney for Southern District of New York. CLERICAL TASK. | 100.00 | 50.00 |
| 1/19/16 | .1 | 0 | Downloaded and printed Administrative Record in preparation for drafting plaintiff's motion and brief. CLERICAL TASK. | 100.00 | 10.00 |
| 2/15/16 | .6 | 0 | Prepared Table of Contents, Plaintiff's Brief. CLERICAL TASK. | 100.00 | 60.00 |
| 2/16/16 | 1.1 | 0 | Prepared Table of Authorities, Plaintiff's Brief. CLERICAL TASK. | 100.00 | 110.00 |
| 4/15/16 | .3 | 0 | Prepared cover page, table of contents of Plaintiff's Reply Brief, and filed by ECF. CLERICAL TASK. | 100.00 | 30.00 |

A number of these tasks are not recoverable. In particular, "[s]erving papers is considered a purely clerical task that is not compensable," because it is "normally subsumed into an attorney's overhead expenses." Ng v. King Henry Realty, Inc., No. 16-Civ-0013 (PAE) (JCF), 2016 WL 6084074, at *8 (S.D.N.Y. Oct. 7, 2016) (citations and internal quotation marks omitted). The same is true for time spent downloading, printing, or filing documents. Agudelo v. & E&D LLC, No. 12-Civ-960 (HB), 2013 WL 1401887, at *3 (S.D.N.Y. Apr. 4, 2013). As such, I find that the entries related to downloading and printing the administrative record, and serving the summons and complaint, reflected in the October 19, 2015, and January 19, 2016, rows, respectively, are not compensable. Together, these tasks took .6 hours to complete, which should not have been billed. Likewise, Plaintiff's counsel should not be compensated for the .5

hours he spent on September 3, 2015, electronically filing the complaint, IFP application, and request for the issuance of summons. Such work, although not identified as being "clerical," is purely administrative in nature and therefore not remunerable. As to the other tasks listed above, however, the court finds that, although labeled as "clerical," they include responsibilities which are paralegal in nature and are therefore compensable under the EAJA, albeit at a rate lower than counsel's customary fee. See Salvo, 751 F. Supp. 2d at 674-75 (paralegal work is billed at a reduced rate) (citing DeStefano v. Astrue, No. 05-Civ-3534 (NGG), 2008 WL 623197, at *3 (E.D.N.Y. Mar. 4, 2008)); see also Sava v. Comm'r of Soc. Sec., No. 06-Civ-3386 (KMK) (PED), 2014 WL 129053, at *3 n. 7 (S.D.N.Y. Jan. 10, 2014) (order adopting report and recommendation).

The reasonable paralegal rate within the Southern District of New York ranges from approximately $50 to $150 per hour. Harty v. Par Builders, Inc., No. 12-Civ-2246 (CS), 2016 WL 616397, at *5 (S.D.N.Y. Feb. 16, 2016) (citing Spalluto v. Trump Intern. Hotel & Tower, No. 04-Civ-7497 (RJS) (HBP), 2008 WL 4525372, at *14 (S.D.N.Y. Oct. 2, 2008)). Here, Plaintiff's counsel charged $100 for performing paralegal work, a fee which is typically considered reasonable for such services by courts within this District. See Murillo v. Colvin, No. 14-CV-3555 (KMK) (PED), 2016 WL 6208574, at *3 (S.D.N.Y. Oct. 21, 2016) (order adopting report and recommendation) (applying an hourly rate of $100 for paralegal time in a social security appeal); Stroud v. Comm'r of Soc. Sec., No. 13-Civ-3251 (AT) (JCF), 2015 WL 2114578, at *5 (S.D.N.Y. Mar. 24, 2015) (finding that "a rate of $100 per hour for paralegals is appropriate" in a social security appeal), report and recommendation adopted as modified, 2015 WL 2137697 (S.D.N.Y. May 6, 2015); see also, e.g., Calvo v. City of New York, No. 14-Civ-7246 (VEC), 2017 WL 4119280, at *8 (S.D.N.Y. Sept. 15, 2017) (finding that "a $100 hourly

rate for paralegal work falls within the range, and is even on the low end, of what courts in this District award" in Section 1983 litigation); New York Youth Club v. Town of Harrison, No. 12-Civ-7534 (CS), 2016 WL 3676690, at *6 (S.D.N.Y. July 6, 2016) (applying a rate of $100 per hour for paralegal tasks such assembling the motion and briefs in a federal civil rights case).[5] Plaintiff's counsel may therefore recover for the 2.1 hours he spent performing truly paralegal tasks at an hourly rate of $100, but not for the 1.1 hours expended on purely administrative tasks.

Finally, Plaintiff's counsel submits that he spent 4.3 hours preparing the Reply Memorandum of Law in support of the present motion, a figure which Defendant has not had an opportunity to contest, since it was not provided until Plaintiff filed her reply brief. It is well established that counsel is entitled to be compensated for time spent litigating the fee issue itself. Trichilo v. Sec'y of Health & Human Servs., 823 F. 2d 702, 707 (2d Cir. 1987). Furthermore, at least one other court within this Circuit has found that 4.3 hours is a reasonable amount of time to expend on an EAJA reply brief. Barbour v. Colvin, 993 F. Supp. 2d 284, 292 (E.D.N.Y. 2014). Here, however, Plaintiff's counsel does not explain why it took him more time to prepare the reply brief – 4.3 hours – than it did for him to compose the initial brief in support of the motion for fees – 3.3 hours. It is apparent that the reply brief exceeded the length of the initial brief by 3 pages, but it is not clear why such additional efforts were necessary, particularly because Defendant's opposition narrowed the issues in dispute to whether the hours expended were reasonable. In light of the foregoing, and given that Plaintiff provides no substantiation for why the additional time and pagination were needed in the reply, I recommend that this figure be reduced by 1.3 hours, or approximately 30%.

---

[5] These cases, although not dealing with social security appeals, are nonetheless illustrative as the attorneys' fees provision for federal civil rights lawsuits "contains language virtually identical" to the EAJA provisions at issue here. Astrue v. Ratliff, 560 U.S. 586, 597 (2010).

## II. Recommended Reasonable Compensation

In sum, in view of the number of unique factors which required greater-than-routine efforts in this case, coupled with the efficacy of those efforts, and the broad discretion district courts have in determining the appropriateness of fee awards, I find that the hours expended in litigating this case were reasonable. Nonetheless, as discussed above, certain deductions are necessary. The award of $10,492.88, as requested in Plaintiff's Notice of Motion, should be reduced by $110, to account for the 1.1 hours spent on purely clerical tasks. Furthermore, of the $864.73 sought for time preparing the reply brief, $261.43 should be subtracted, representing the 1.3 hour deduction, described above, billed at counsel's 2017 hourly rate ($201.10). Thus, Plaintiff is entitled to $10,382.88 ($10,492.88 − $110.00) plus $603.30 ($864.73 − $261.43) for a total of $10,986.18 in reasonable attorneys' fees and costs.

## III. Method of Payment

Defendant opposes Plaintiff's request that the fees awarded be made payable directly to counsel. Generally, EAJA fees must be paid to prevailing litigants, so that they are subject to offset in the event that the litigant has outstanding federal debts. Astrue v. Ratliff, 560 U.S. 586, 594 (2010). "In cases where such debts are not suggested, [however,] courts in this Circuit have honored retainer agreements [] which assign a claim for fees to counsel." Forrest, 2016 WL 6892784, at *5 (citations omitted). In this case, Defendant does not suggest that Plaintiff owes a debt to the government. Moreover, on August 6, 2015, Plaintiff executed an affidavit, assigning any and all entitlement to fees and expenses to Partnership for Children's Rights ("PFCR"), which represented her in this litigation. ECF # 36-4. Accordingly, I respectfully recommend that the fees awarded be made payable directly to PFCR.

## CONCLUSION

In light of the foregoing, I conclude, and respectfully recommend that Your Honor should conclude, that a judgment as to attorneys' fees and costs should be entered against Defendant in the amount of $10,986.18. I further report, and respectfully recommend that Your Honor should conclude, that the award be made payable to Plaintiff's counsel.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Cathy Seibel, at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: November 2, 2017
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York